UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


BENCHMADE KNIFE CO., INC., an Oregon
corporation, and MENTOR GROUP, L.L.C., an
Oregon Limited Liability Corporation,

               Plaintiffs,               Civil No. 08-967-HA

      v.                          OPINION AND ORDER

JONATHAN BENSON, an individual doing
business as RoadsideImports, LLC.

               Defendant.
_____

HAGGERTY, District Judge:

     Plaintiffs bring claims alleging trademark and patent infringement, counterfeiting, false

advertising and trade libel against defendants.  Defendant Jonathan Benson (hereinafter

defendant or Benson) filed a *pro se* Motion to Dismiss [35] that is liberally construed as

advancing challenges regarding this court's jurisdiction and the proper venue pursuant to 28

U.S.C. § 1400(a).  Subsequent to that motion, plaintiffs moved successfully for a Default

Judgment against former defendant RoadsideImports, L.L.C., and Judgment has been granted

against that party.  The remaining defendant in this action is Jonathan Benson.  For the following

reasons, defendant's motion to dismiss is denied.


1      - OPINION AND ORDER

**BACKGROUND**

Plaintiffs Benchmade Knife Company (Benchmade) and Mentor Group, L.L.C., (Mentor) hold several patents for knives and claim that defendant sells counterfeit knives, falsely labeled knives, and "conversion kits" that convert products into "automatic knives" that infringe upon plaintiffs' patents. Plaintiff's Third Amended Complaint asserts that this court has personal jurisdiction over defendant because defendant has "distributed or sold infringing merchandise within [Oregon]", or has engaged in acts within Oregon causing injury to plaintiffs, or has engaged in acts outside of Oregon causing injury within this state, or has distributed products within Oregon in the ordinary course of trade, or has otherwise established contacts within Oregon sufficient to permit the exercise of personal jurisdiction. Plaintiffs also assert that this District is a proper venue pursuant to 28 U.S.C. §1391(b). Third Am. Complaint at 2.

This court unsuccessfully attempted to appoint counsel for Benson. On April 23, 2009, Benson submitted correspondence to the court, and on April 27, 2009, following a telephone status conference, Benson was ordered to proceed in this litigation without appointed counsel. Benson subsequently filed a motion that is the subject of this Opinion and Order.

**PENDING MOTION**

Benson's motion to dismiss this action is construed as brought pursuant to 28 U.S.C. § 1400(a) and Federal Rule Civil Procedure 12(h)(1). This court also construes the motion as if it had been brought under Federal Rule Civil Procedure 12(b)(3), which permits a party to assert the defense of improper venue by motion before filing a responsive pleading. Defendant asserts that this court lacks personal jurisdiction and, in the alternative, that Colorado is the proper venue for this litigation.

Specifically, defendant contends that he has made no sales to anyone in the State of

Oregon and never otherwise purposefully availed himself of the privilege of conducting business

in Oregon:

> There is a lack of personal jurisdiction. I only do business in Colorado and my
> business is located in Colorado.  I have never been to Oregon.  RoadsideImports
> is a drop ship service company in the State of Colorado and the company has no
> suppliers in Oregon. I have not made any sales to anyone in the State of Oregon,
> except for what was purchased by the Plaintiff's attorneys.  The item purchased by
> the Plaintiff's attorneys from my company was shipped from DellsDeals.com in
> Iowa.  I never saw or touched the item purchased by Plaintiff's attorneys.

Mot. to Dismiss at 2.

Defendant also contends that venue is improper:

> Having to defend myself in this case in Oregon is detrimental and inconvenient
> for me because I have to represent myself Pro Se in this matter.  All the actions
> that the Plaintiff's are alleging occurred in Colorado.  There is insufficient
> jurisdiction for this case to be held in Oregon.  It is also inconvenient for Pro Se
> representation because of the distance and economic hardship I will be forced to
> undertake if this case stays in Oregon.

*Id*.

Plaintiffs assert that defendant's website, accessible in Oregon, provides detailed video

instructions on how to construct a knife that purportedly infringes upon patents owned by

plaintiffs.  Although that website – by itself – is insufficient to establish personal jurisdiction, *see*

*Cybersell Inc., v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997), plaintiffs also contend that

defendant has admitted making sales in Oregon other that those made to plaintiffs.  Specifically,

plaintiffs provide copies of text from defendant's interactive Internet website with "eBay," in

which defendant cites sales of "Spring Assist knives" to "every US state," and to "various Police

Departments in . . . Oregon."  *See* Pl.'s Response, Ex. A.

Plaintiffs also rely upon defendant's alleged defamatory conduct, which plaintiffs allege

has been explicitly intended to diminish plaintiffs' sales, customer good will, and loyalty and

which is directed against plaintiffs' primary operations in Oregon.  Defendant has also accused plaintiffs' agents of stealing knife designs and, by inference, manufacturing knives based upon those stolen designs.

**STANDARDS**

    **1.      Personal jurisdiction**

"Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or [defendant's] agent resides or may be found." 28 U.S.C. § 1400(a).  For purposes of the venue statute, a defendant may be considered "found" wherever personal jurisdiction over the defendant is proper. *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *rev'd on other grounds by Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

To determine whether personal jurisdiction exists, the court may consider the pleadings and evidence presented through affidavits, and may also order limited discovery to develop jurisdictional facts. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001); *Data Disc, Inc. v. Systems Technology Associates*, 557 F.2d 1280, 1285 (9th Cir. 1977).

Plaintiffs bear the burden of establishing that this court has personal jurisdiction over defendant. *See Fireman's Fund Ins. Co. v. Nat'l Bank of Coop.*, 103 F.3d 888, 893 (9th Cir. 1996) (nonmoving party has burden of establishing personal jurisdiction).  However, plaintiffs need only make a *prima facie* showing of facts that support exercising jurisdiction over defendant. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006).

Personal jurisdiction over a non-resident defendant is tested under a two-prong analysis: the exercise of jurisdiction must (1) satisfy the requirements of the long arm statute of the state in which the district court sits; and (2) comport with principles of federal due process. *Terracom*

4    - OPINION AND ORDER

*v. Valley Nat. Bank*, 49 F.3d 555, 559 (9th Cir. 1995); *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995).

The due process clause of the United States Constitution protects persons from being subject to the binding judgments of a forum with which they have "established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citing *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 319 (1945)). Due process requires that a defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citing *Int'l Shoe Co.*, 326 U.S. at 316). Minimum contacts encompasses two types of jurisdiction: general and specific. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

For a defendant to be subject to general personal jurisdiction, that defendant must have such "continuous and systematic contacts with the forum that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Reebok Intern. Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995). The standard for general jurisdiction is high, requiring that the contacts in the forum "approximate physical presence." *Tuazon*, 42 F.3d at 1169. Plaintiffs make no assertion that defendant should be subject to general jurisdiction here.

Instead, plaintiffs assert that specific jurisdiction exists. Establishing specific jurisdiction requires that: (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself or herself of the privileges of conducting activities in the forum, (2) the claim arises out of, or results from, the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). If the plaintiff meets the first and second elements, the burden shifts to the defendant to present a compelling case that the exercise of

jurisdiction would be unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Burger King*, 471 U.S. at 476-78)).

The law is less clear regarding the degree to which interactive Internet sites may contribute to establishing minimum contacts. *See, e.g., Millennium Enterprises, Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 916 -17 (D. Or. 1999) (adopting a "sliding scale" analysis to determine whether an Internet site could support personal jurisdiction).

Under this sliding scale, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Id*. at 1124. The *Millennium* court declined to adopt a "broad view of personal jurisdiction" regarding Internet sites, and instead recognized that there should be a deliberate action within the forum state "in the form of transaction between the defendant and residents of the forum or conduct of the defendant purposefully directed at the residents of the forum state." *Id*. at 921 (citing *Calder v. Jones*, 465 U.S. 783, 788-90 (1984)). In *Calder*, the Supreme Court found personal jurisdiction was properly asserted over a defendant whose libelous actions were directed at the plaintiff resident of the forum state.

However, a small number of sales made in Oregon, coupled with the absence of attempts to create a substantial connection with Oregon, diminishes a plaintiff's chances to show "purposeful availment" of this forum:

> in the absence of an established distribution channel, a local sales force, or local advertising, I conclude that two sales of [possibly infringing] products via the Internet were random and fortuitous contacts rather than the result of purposeful conduct directed at this forum. The [defendant's] website simply is not conduct and connection with Oregon such that [defendant] should reasonably anticipate being haled into court here. Accordingly, I find that plaintiff fails to establish purposeful availment of this forum.

*Tuna Processors, Inc. v. Anova Food, Inc.*, Civ. No. 07-6192-AA, 2007 WL 3232609, *4 (D. Or., November 1, 2007) (citations and internal quotations omitted).

    **2.**    **Venue**

For purposes of adjudicating a Rule 12(b)(3) motion, this court draws all reasonable inferences in favor of the non-moving party and resolves all factual conflicts in favor of the non-moving party. *See Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004). In reviewing a motion to dismiss under Rule 12(b)(3), the court has discretion to consider facts outside of the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

Pursuant to 28 U.S.C. § 1404(a), a court has broad discretion to transfer a civil action to any other district where the action may have been brought initially, as a matter of convenience for the parties and witnesses, and to further the interests of justice. Section 1404(a) was enacted to allow "easy change of venue." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981).

To transfer a case, a defendant must first show that the transferee court is one in which the action could have been commenced originally. The defendant must also show that transfer would result in greater convenience to the parties and witnesses, as well as advance the interest of justice. 28 U.S.C. § 1404(a).

**DISCUSSION**

    **1.**    **Jurisdiction**

This court concludes that plaintiffs have established the minimum contacts that are a prerequisite to the exercise of specific, personal jurisdiction over defendant. There is no dispute that defendant posted a commercial, interactive site on the Internet that uses a record of Oregon sales to promote business. Defendant has issued public acknowledgments that his enterprise has

7    - OPINION AND ORDER

conducted sales in Oregon. Even if most of defendant's sales are unrelated to Oregon, defendant has intentionally availed himself of Oregon's forum. *See Tech Heads, Inc. v. Desktop Service Center, Inc.*, 105 F. Supp.2d 1142, 1151 (D. Or. 2000) (despite the fact that over ninety-five percent of the defendant's business was done with customers who were not residents of Oregon, defendant's highly commercial website and record of some business with at least one Oregon resident was sufficient for a finding of purposeful availment).

The second element of the specific, personal jurisdiction test requires a plaintiff to show that the claims being asserted arise out of, or are related to, a defendant's forum-related activities. *Ziegler*, 64 F.3d at 474.

But for defendant's willingness to sell its products in Oregon (and promote other sales by reference to Oregon sales), and defendant's published criticisms of plaintiffs and his appeals for boycotts of plaintiffs' business, plaintiffs would not have allegedly suffered harm in Oregon. Plaintiffs also cite defendant's acknowledgment of Oregon sales, as well as defendant's alleged defamation of plaintiffs' Oregon business and its agents. It is plain that plaintiffs' claims are related to this allegedly infringing conduct.

If a plaintiff meets the first two elements of the specific, personal jurisdiction test, the burden shifts to the defendant to show that the exercise of jurisdiction fails to comport with fair play and substantial justice. To defeat personal jurisdiction, a defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002).

The reasonableness of asserting jurisdiction is assessed so as to prevent a party from deploying jurisdictional rules "in such a way as to make litigation 'so gravely difficult and inconvenient' that a party unfairly is at a 'severe disadvantage in comparison to his opponent.'"

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487 (9th Cir. 1993) (citing *Burger King*, 471 U.S. at 478).

The court examines seven factors to determine whether the exercise of jurisdiction is reasonable:

1.      the extent of the defendant's purposeful interjection into the forum state's affairs;

2.      the burden on the defendant of defending in the forum;

3.      the extent of conflict with the sovereignty of the defendant's state;

4.      the forum state's interest in adjudicating the dispute;

5.      the most efficient judicial resolution of the controversy;

6.      the importance of the forum to the plaintiff's interest in convenient and effective relief; and

7.      the existence of an alternative forum.

*Core-Vent Corp.*, 11 F.3d at 1487-88 (citation omitted).  No factor is dispositive in itself, and the court must balance all seven.  *Id*. at 1488 (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991)).

Defendant asserts that the exercise of jurisdiction would be unreasonable because he is unrepresented by counsel, and because keeping the case in Oregon would inflict economic hardship on him.  Mot. to Dismiss at 2.  Defendant also argues that "[a]ll the actions" being alleged by plaintiffs occurred in Colorado.  *Id*.

Defendant's arguments fail to overcome the presumption of reasonableness established when plaintiffs satisfied the first two elements of the specific personal jurisdiction test.  The court has examined the record presented, and concludes that defendant's public acknowledgment

of business in Oregon, coupled with defendant's explicit accusations regarding plaintiffs' Oregon business, amounts to a purposeful interjection into Oregon.

Additionally, the court has undertaken a balancing of the seven relevant factors listed above.  The alleged burden upon defendant of litigating this action in Oregon is presumed to be a hardship, and this factor mitigates in favor of defendant's position.

There is no showing that litigating in Oregon would conflict with the sovereignty of any other jurisdiction.

Oregon's interest in protecting its residents from copyright infringement is not outweighed by any purported interest any other venue might have in the case.

The efficiency of resolving this matter in Oregon is not eclipsed by the prospects of obtaining a resolution in Colorado.

Oregon is, however, an important venue for purposes of providing convenient and effective relief to plaintiffs.

And, finally, the existence of possible alternative forum fails to influence this court's evaluation of reasonableness.

Having considered the relevant factors, the court concludes that, on balance, jurisdiction is reasonable.  Because plaintiffs have shown that (1) defendant purposefully directed activities or performed acts by which he purposefully availed himself of the privilege of conducting activities in Oregon, and (2) the claims being asserted arise out of, or are related to, defendant's forum-related activities, defendant's motion to dismiss for lack of jurisdiction is denied.

**2.    Venue**

The Ninth Circuit sets forth eight similar considerations that can be used in weighing whether to transfer venue.  These considerations are similar, but not identical to, the factors

weighed for determining the reasonableness of exercising jurisdiction: (1) plaintiff's choice of forum, (2) convenience to the parties, (3) convenience to the witnesses, (4) ease of access to evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The court must balance the preference given to plaintiff's choice of forum with the burden of litigating in an inconvenient forum. *Id.*

After examining these factors, defendant's request in the alternative to transfer venue to Colorado must be denied. These factors are analyzed as follows:

1.    Plaintiffs' choice of forum is Oregon.

2.    Weighing the relative convenience of the competing venues favors neither party.

3.    The convenience of the likely witnesses is unlikely to strongly favor either party. Plaintiffs will undoubtedly call a number of Oregon witnesses, whom defendant will wish to question. Defendant's witness list is uncertain.

4.    The ease of access to evidence does not clearly favor either venue. Plaintiffs possess evidence pertaining to their alleged damages. Presumably, defendant possesses some evidence in Colorado.

5.    Oregon judges will have familiarity of the Oregon law pertaining to plaintiffs' claims regarding "passing off," counterfeiting, and false advertising, and the trademark claims brought under the Oregon antidilution statute, ORS 647.107.

6.    Concerns for claim consolidation are moot.

7.    Oregon is likely to have a higher interest in the controversy presented than would Colorado.

11    - OPINION AND ORDER

8.     Finally, there is no evidence presented regarding the relative court congestion in each

forum.

A fair evaluation of these factors establishes that venue is proper.  Defendant's request to

transfer venue to Colorado is denied.

**CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss [35] is denied.  A new

discovery and trial schedule in this matter will be issued by separate Order.

IT IS SO ORDERED.

DATED this    15    day of March, 2010.



                                                 /s/ Ancer L. Haggerty
                                                 Ancer L. Haggerty
                                                 United States District Judge